UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID T. DAVIS,                                       DOCKET NO.:   10-cv-04279

       Plaintiff
v.

UNITED STATES OF AMERICA

       Defendant
_____

## AMENDED COMPLAINT

Plaintiff, David T. Davis (Davis), through his undersigned attorney, alleges:

### NATURE OF THE ACTION

1. This is a personal action brought against the United States of America for its negligent and grossly negligent failure to maintain reasonably safe facilities.

### PARTIES

2. Plaintiff David T. Davis is a resident and citizen of Louisiana. He was injured on or about December 16, 2009, while at the United States Post Office in Hahnville, La.

3. United States Postal Service is an independent agency of the United States responsible for providing postal service in the United States, and more particularly, in Hahnville, La.

### VENUE AND JURISDICTION

4. This Court has subject matter jurisdiction over this action based on 28 U.S.C. §1346(b).

5. Venue is proper in this District under 28 U.S.C. §1391(b).

### FACTUAL ALLEGATIONS

6. On or about December 17, 2009, Davis entered the USPS in Hahnville, La.

7. As he did so, he slipped and fell on a large accumulation of rain water at the entrance inside

the post office.

8. Davis was told that it was not unusual for water to accumulate at the entrance and for employees to place wet floor signs and regularly mop the area.

9. Davis was by told by an employee that she failed to place the wet sign markers out and that she failed to mop the area of accumulation.

10. A report prepared contemporaneously with the accident recorded that the floor was wet and muddy at the time of Davis's fall.

11. As a result, Davis sustained injury to his back. The injury required immediate medical attention.

12. Continued medical attention and tests reveal that Davis sustained two protruding discs and contusions to his hip and knee as a result of the fall.

### FIRST CAUSE OF ACTION
### (Negligence)

13. The United States of America had a duty to provide reasonably safe facilities, including a duty to prevent the accumulation of rain water at the entrance.

14. The United States of America had a duty to take steps to alert customers of the rain accumulation, including, but not limited to, placing "wet" sign markers.

15. The United States of America had a duty to mop any accumulated water.

16. The United States of America breached its duty to maintain the premises in reasonably safe condition, particularly since its employees knew or should have known that rain water accumulated at the entrance.

17. The United States of America's negligent failure to provide a reasonably safe facility, and in particular, its failure to provide either warnings or perform maintenance to remove the

accumulated water, caused Davis to fall and caused his extensive and continuing injuries.

18. As a result of United States of America's negligence in failing to provide a reasonably safe facility, Davis has suffered actual damages. These damages include pain and suffering, a continuing back injury, medical bills and related costs of treatment. The long-term effects of his injuries continue to manifest themselves.

### SECOND CAUSE OF ACTION
**(Gross Negligence)**

19. The allegations set forth above are re-alleged and incorporated by reference.

20. The United States of America had a duty to provide reasonably safe facilities, including a duty to prevent the accumulation of rain water at the entrance.

21. The United States of America had a duty to take steps to alert customers of the rain accumulation, including, but not limited to, placing "wet" sign markers.

22. The United States of America had a duty to mop any accumulated water.

23. The United States of America breached its duty to maintain the premises in reasonably safe condition, particularly since its employees knew or should have known that rain water accumulated at the entrance.

24. The United States of America's negligent failure to provide a reasonably safe facility, and in particular, its failure to provide either warnings or perform maintenance to remove the accumulated water, caused Davis to fall and caused his extensive and continuing injuries.

25. As a result of United States of America's negligence in failing to provide a reasonably safe facility, Davis has suffered actual damages. These damages include pain and suffering, a continuing back injury, medical bills and related costs of treatment. The long-term effects of his injuries continue to manifest themselves.

## FEDERAL TORT CLAIMS ACT

26. Davis has presented his claim to the United States of America for administrative consideration under the Federal Tort Claims Act.

27. On June 25, 2010, the United States of America denied that claim, advising him that any lawsuit must be filed within six months of the mailing of that letter.

28. Therefore, since this suit is filed within six months of that denial, it is timely.

## PRAYER FOR RELIEF

**WHEREFORE**, David T. Davis demands the following relief:

A. Awarding actual damages from defendant's wrongdoing;

B. Punitive damages in an amount to be proved at trial;

C. Awarding medical damages, including those for past, present, and future treatment;

D. Pre-judgment and post-judgment costs, interest and attorney's fees;

E. Other such relief as this court may deem appropriate and equitable.

Respectfully submitted:

  s/Denise A. Vinet
**DENISE A. VINET, LBRN 17185**
**VINET & DAY, LLC**
11817 Bricksome Ave., Suite A
Baton Rouge, LA 70816
Tel: (225) 292-7410
Fax: (225) 292-4149